IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LANA EISENHAUER,<br><br>                    Plaintiff,<br><br>    vs.<br><br>DOLLAR GENERAL, Corporation;<br><br>                    Defendant. | 4:13CV3181<br><br>FINDINGS AND<br>RECOMMENDATION |

      This matter is before the court on Plaintiff's Motion to Remand, (Filing No. 9), this case to the District Court of Cuming County, Nebraska.  For the reasons set forth below, the motion should be granted.

BACKGROUND

      Plaintiff Lana Eisenhauer ("Eisenhauer") is a resident of Cuming County, Nebraska and was employed by Defendant, Dollar General Corporation. ("Dollar General").  Eisenhauer asserts she was injured on or about September 22, 2012, and that those injuries arose during the course and scope of her employment.  Eisenhauer filed a claim for workers' compensation benefits and retained an attorney in January of 2012.  She was terminated from her employment on September 14, 2013.

      Eisenhauer initiated this lawsuit in the District Court of Cuming County, Nebraska on September 23, 2013, alleging claims arising under state common law.  Defendants removed the case to this court on October 23, 2013.  Shortly after the action was removed, Plaintiff moved for remand.  That same day, defense counsel approached the plaintiff's counsel and asked if the plaintiff would "sign a Stipulation that she will not seek damages in excess of $75,000?"  (Filing No. 10-1 at CM/ECF p. 5).  Plaintiff's counsel responded by email, stating he saw "no benefit to [Eisenhauer] signing such a

stipulation."[1]  Based on the evidence of record, no additional communications occurred. The motion to remand is now ripe for adjudication.

ANALYSIS

A defendant may remove an action to federal court if the action could have been filed there originally. See 28 U.S.C. § 1441(a).  A removing party must establish, by a preponderance of evidence, that the federal court has subject matter jurisdiction, with all doubts as to jurisdiction resolved in favor of remanding the case to state court.  Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011).  Diversity jurisdiction requires complete diversity; that no defendant holds citizenship in the same state as the plaintiff and the amount in controversy exceeds $75,000.  Cascades Development of Minnesota, LLC v. National Specialty Ins., 675 F.3d 1095, 1098 (8th Cir. 2012); see also 28 U.S.C. § 1332(a).

The party asserting jurisdiction may present affidavits and other documents to support a finding of jurisdiction, and the trial court may weigh that evidence and resolve any factual issues to determine whether subject matter jurisdiction exists.  Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990).  As to the amount in controversy, "the question is not whether damages are greater than the requisite amount, but whether a fact finder might legally conclude they are."  Skoda v. Lilly USA LLC, 488 Fed.App. 161, 162 (8th Cir. 2012)(citing Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)).

The plaintiff argues for the remand, stating the defendant has failed to prove the amount in controversy exceeds $75,000.[2]  The defendant's removal documents note that Plaintiff's prayer for relief requests "general damages," "back wages, front pay,

---

[1] The parties have not submitted evidence that they engaged in further discussions.

[2] Plaintiff does not contest that complete diversity exists.

attorney's fees and whatever other relief is deemed appropriate by the court." (Filing No. 1-1).  Defendant argues this can "reasonably be inferred to be a request for compensatory and/or punitive damages."  (Filing No. 1 at CM/ECF p. 2).  Defendant further states since it will likely take a year to reach trial, the "requested remedies reasonably appear to exceed the minimum amount in controversy . . . ."  (Filing No. 1 at CM/ECF p. 3).  Finally, Defendant asserts Plaintiff's refusal to stipulate that the damages she is seeking will not exceed $75,000 is evidence that the amount in controversy exceeds $75,000.

A request for general damages does not, in and of itself, support an inference that the damage award could exceed $75,000.  The court must independently assess that allegation based on the facts alleged, any evidence of record, and the applicable law.

Contrary to the defendant's argument, Plaintiff's prayer for damages is not interpreted to include a request for punitive damages.  (Filing No. 1, ¶ 5 at CM/ECF p. 2).  The plaintiff is alleging a Nebraska common law claim, and punitive damages are not available under Nebraska law.  As to the facts of record, the allegations within the plaintiff's complaint do not assist the court in determining how much she is seeking.  There is nothing of record explaining how long the plaintiff was unemployed following discharge, and no evidence of the wage level she was earning before her termination.  Absent such evidence, the court cannot estimate Plaintiff's wage loss.  See, e.g., Busse v. Daiichi Sankyo Pharmaceutical, case no. 13cv98, 2013 WL 791822 (E.D. Mo March 4, 2013)(employer provided evidence of plaintiff's salary to establish amount in controversy).   And there is no evidence explaining how the plaintiff's life was impacted a result of losing her job, relegating the task of estimating her emotional distress recovery to mere guesswork.

Defendant does direct the court to cases involving wrongful termination claims resulting in jury awards exceeding $75,000.  Other than noting the claims were brought

3

by an employee against his or her former employer, the defendant has not demonstrated how the cases cited are factually similar to Plaintiff's claims. Without further facts or evidence discussing how Plaintiff's case is factually similar to those in which the amount awarded exceeded $75,000, the recitation of jury awards in other cases provides little evidence of the amount at issue in this case.

The defendant's argument rests primarily of the plaintiff's refusal to stipulate that the amount she seeks is less than $75,000. While the jurisdictional inquiry focuses on the claims at the time of removal, (James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005)), events that occur after filing or removal may "be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing." Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, Inc., 620 F.3d 926, 931 (8th Cir. 2010). A plaintiff's refusal to stipulate that the amount in controversy is less than $75,000 is some evidence that the jurisdictional threshold has been met, (see Oshana v. Coca-Cola Co., 472 F.3d 506 (7th Cir. 2006); Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001); Aerostar, Inc. v. Haes Grain & Livestock, Inc., case no. 11cv3058, 2012 WL 1030446 (N.D. Iowa March 27, 2012)), but it is not dispositive. See, e.g., Hoffman v. Empire Machinery & Tools, Ltd., case no. 10cv201, 2010 WL 2216631 (W.D. Mo. May 28, 2010) (failure to enter a stipulation regarding the amount in controversy does not amount to an admission). Courts will consider the stipulation along with other more specific evidence regarding a plaintiff's potential damages. See, e.g., McCorkindale v. American Home Assurance Co., 909 F.Supp. 646, 656 (N.D. Iowa 1995)(where the face of the complaint fails to establish the amount in controversy the court may look at "summary-judgment-type evidence").

Even had the plaintiff stipulated that her claim did not exceed $75,000, the court would not have been bound by the stipulation. " 'Since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a

4

stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal.' " Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009)(quoting Dobson v. United Airlines, INc. 2002 WL 31689365 (N.D. Cal. Nov. 25, 2002)).

Other than plaintiff's refusal to stipulate that her claim is worth less than $75,000, the defendant has presented very little to prove the jurisdictional threshold for diversity jurisdiction.  The defendant has failed to prove by a preponderance of the evidence that that the amount in controversy exceeds $75,000.  Accordingly, this case should be remanded to the District Court of Cuming County, Nebraska.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the plaintiff's motion to remand, (Filing No. 9) be granted.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 3rd day of January, 2013.

                                              BY THE COURT:

                                              *s/ Cheryl R. Zwart*
                                              United States Magistrate Judge